JOHNSON SERVICE COMPANY, Plaintiff, v. GLOBE INDEMNITY COMPANY, Defendant.

Common Pleas Court, Franklin County.

No. 191708. Decided January 3, 1957.

Benjamin F. Levinson, for plaintiff.
J. Paul McNamara, for defendant.

504

## OPINION

By LEACH, J.

This action was instituted by plaintiff against the defendant Bonding Company to recover $1,800.00 on a performance bond in the form required by §153.57 R. C., and executed by the D. E. Gardner Company, principal contractor, and the bonding company as surety in connection with a contract with the Board of Trustees of the Columbus Public Library of the City of Columbus, Ohio, for the construction of a building known as the addition to the Columbus Public Library. In carrying out this contract, Gardner, as principal contractor, awarded a contract for the installation of plumbing and heating to J. Frank Bowen, Inc. as a sub-contractor. Bowen in turn placed an order for a temperature control system and we conclude from the evidence that there is due to plaintiff from Bowen the sum of $1800.00, this being the full amount of such purchase price.

The basic issue involved in this case is whether plaintiff furnished to the bonding company a statement of the amount due "not later than ninety days after the acceptance of such building, work, or improvement by the duly authorized board or officer" within the meaning of that language as contained in §153.56 R. C., and whether the instant action was commenced "not later than one year from the date of acceptance of such building, work, or improvement" as required by this same section.

The question presented herein is somewhat similar to that presented in the case of Johnson Service Company v. American Casualty Company, No. 190,192, decided by this Court this same day and involving the same counsel. For that reason we will not quote in full the statute in question or discuss in as much detail the respective contentions of the parties as otherwise would be necessary.

The notice to the bonding company was furnished by the plaintiff on July 14, 1954, and this suit was commenced on February 2, 1955.

On June 12, 1951, the Board of Trustees, by resolution authorized the employment of one Harry T. Roderick as architect for the addition to the main building. A written agreement was then entered into between Roderick and the Board, through its President, including the usual provisions that the architect would supervise the work of construction. On June 19, 1952, the Board entered into a Construction Contract with Gardner in the amount of $202,310.00. This contract provided, in part, as follows:

"Article 5—Acceptance and final Payment—Final payment shall be due thirty days after substantial completion of the work provided the work be then fully completed and the Contract fully performed.

"Upon receipt of written notice that the work is ready for final inspection and acceptance, the Architect shall promptly make such inspection, and when he finds the work acceptable under the Contract and the Contract fully performed he shall promptly issue a final certificate, over his own signature, stating that the work provided for in this Contract has been completed and is accepted by him under the terms and conditions thereof, and that the entire balance found to be due the Contract, and noted in said final certificate, is due and payable."

On July 14, 1953, after inspection of the job by Gardner, the contractor, his son, the general superintendent, the librarian, and the architect, the architect addressed a letter to the Board of Trustees, stating that his office accepted the addition to the Columbus Public Library with the following understanding:

"The contractor shall guarantee the work installed against defects in material and workmanship for a period of one (1) year from date of acceptance by the owner * * *

"It is the intent that the foregoing work shall be complete in every respect, and that any material or work not specially mentioned or shown in the drawings, but necessary to wholly complete the work, shall be furnished by the contractor."

On July 14, 1953, the Board adopted a resolution "That payment in full be made to the contractor and architect on the Main Library Addition Contract as soon as all the work has been fully completed, and subject to the approval of the Chairman of the Grounds and Buildings Committee."

On July 27, 1953, the architect approved in writing Gardner's request for final payment in the amount of $3033.40. Thereafter, on July 28, 1953, a voucher was issued in the amount of $3033.40 for "Balance due on contract, addition to Main Library," certified by the librarian as being correct and approved by the President of the Board and by the Secretary of the Board. On the same day a check was issued to Gardner in the amount of $3033.40, signed by the President of the Board and by the Clerk of the Board.

On August 4, 1953, the Board adopted a resolution "that the action of the President and Treasurer in authorizing the payment from the Building & Repair Fund of $3033.40, final amount to complete contract with David Gardner, Contractor, and $285.62, balance due on fee to Harry T. Roderick, Architect, be approved."

It is stipulated by the parties that all of the foregoing documents and records are part of the public records of the Board of Trustees and were available for inspection by the public generally, including the plaintiff.

It does not appear that the Board of Trustees ever adopted a formal resolution, stating in specific language that "We do hereby accept the building, work, or improvement consisting of an addition to the Main Library Building." It is the contention of the plaintiff that in the absence of such a specific resolution, such work has never been accepted. We do not agree with this contention and conclude, as a matter of fact, that the work in question was accepted, at least by August 4, 1953, when the Board by formal resolution, approved the payment of the "final amount to complete contract." As pointed out by Marshall, C. J. in his opinion in **Southern Surety Company v. Schmidt, 117 Oh St 28,** at **page 35,** the statute does not define acceptance, or in any way indicate what amounts to acceptance, except that it is provided that the acceptance must be made by the duly authorized board or officer. As pointed out in our decision of this day in the case of Johnson Service v. American Casualty Company, Judge Marshall, in the reasoning in his opinion,

relied strongly upon the case of Illinois Surety Company v. United States, 240 U. S. 214, and also at page 39, pointed out that in the Schmidt case, compliance had not been had with the requirements of the contract as to "Acceptance and Final Payment." Here it is undisputed that the requirements of Article 5 of the contract between the Board and Gardner as to "Acceptance and Final Payment" were complied with. In the language of the United States Supreme Court in the case of Illinois Surety Company v. United States, the amount which the Board was finally bound to pay was fixed administratively by the proper authority.

In our opinion, there was, at least by August 4, 1953, "an administrative determination of the actual completion of the work in accordance with the terms of the contract and in compliance with the plans and specifications" within the meaning of that language as contained on page 40 of Judge Marshall's opinion in the Schmidt case. This having been done by documentary evidence which constituted public records, including of course the resolution of August 4, 1953, such was a matter of public record and readily ascertainable.

The various cases cited by the plaintiff in the opinion of this Court are distinguishable for the reasons alluded to in our decision this day in the American Casualty Company case. Even if we assume that a formal resolution be necessary to constitute an acceptance, in our opinion, the formal resolution of August 4, 1953, was such a resolution. True it did not use the word "accept" or "acceptance" but the necessary legal effect of this resolution was to find that pursuant to the terms of the contract, Gardner was entitled to payment of the final amount. By the terms of the contract he was only entitled to the final amount thirty days after substantial completion of the work "provided the work be then fully completed and the Contract fully performed." Necessarily we have, therefore, an administrative determination by the Board itself, by formal resolution, that the work has been "fully completed" and the contract "fully performed."

In our opinion, the issue before this Court is not whether the work, in fact, had been fully completed and the contract fully performed, but only whether the proper administrative determination had been so made. We conclude that it was so made, at least by August 4, 1953.

This case is somewhat complicated by the fact that the records of the plaintiff admitted into evidence, shows some work performed by employees of the plaintiff after August 4, 1953. It is impossible to determine from the evidence the exact nature of this work and whether, as claimed by plaintiff, it was done pursuant to the contract between plaintiff and J. Frank Bowen, Inc., or whether, as claimed by the defendant, this was additional work necessitated by the installation of an elevator by the Board of Trustees under a separate and distinct contract with another contractor. Even assuming that the performance of this work would somehow negate the prior acceptance by the Board of August 4, 1953, and we do not so conclude, it appears that the last work of any nature done by employees of plaintiff at the library building was on December 27, 1953. Even if by some process of legal legerdemain, we were

to conclude that the prior acceptance of August 4, 1953, were moved forward, it would seem that at best it could not be moved forward beyond the date of December 27, 1953. Thus, even if we accept the date of December 27, 1953, as being the date of "acceptance," plaintiff's cause of action would fail since the required notice was not furnished the Bonding Company within ninety days thereafter nor was suit brought within one year.

Plaintiff in this action makes the additional contention that since a receiver was appointed for J. Frank Bowen, Inc. on November 24, 1953, it was not required to give notice and in support of this contention, relies upon the cases of **National Surety Company v. Lumber Company, 32 Oh Ap 147**, and Royal Indemnity Company v. Wood, 10 Fed. (2d) 501. In the first place, the receivership here in question took place more than ninety days subsequent to the acceptance on August 4, 1953.

In the second place, the bond was given by Gardner and not by Bowen and Gardner did not become insolvent or unable to complete the contract.

In the third place, these two cases were decided in 1928 and 1926 respectively, and, in our opinion, are completely irreconcilable with the case of **Atkinson v. Orr-Ault Construction Company, 124 Oh St 100,** decided in 1931.

We conclude, therefore, that the Board of Trustees of the Columbus Public Library did, within the purview of §153.56 R. C., accept the building, work, or improvement in question on August 4, 1953, that the statement furnished to the Bonding Company by the plaintiff on July 14, 1954, was not furnished within ninety days after the acceptance and that this action having been commenced on February 2, 1955, does not comply with the requirements of §153.56 R. C., that "said action be commenced not later than one year from the date of acceptance of said building, work, or improvement." We therefore find the issues in this case in favor of the defendant and find that defendant is entitled to final judgment. Entry may be prepared accordingly, reserving exceptions.